UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RODVY JOSUE TRINIDAD VIVAR,

Petitioner,

v. Case No. 3:26-cv-2738-MMH-SJH

MARKWAYNE MULLIN, et al.,

Respondents.

**ORDER**

Petitioner Rodvy Josue Trinidad Vivar, an immigration detainee, is proceeding through counsel on a Verified Petition for Writ of Habeas Corpus (Doc. 1). Trinidad Vivar, a citizen of Guatemala, was paroled into the United States on March 5, 2017. Id. at 15. United States Immigration and Customs Enforcement detained Trinidad Vivar following a traffic stop on September 24, 2026. Id. at 7. Trinidad Vivar challenges his immigration detention and seeks, inter alia, an individualized bond hearing. See id. at 8–10.

The Federal Respondents filed a Response (Doc. 5) asserting that they are now detaining Trinidad Vivar under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th

1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior").

When Trinidad Vivar was detained in September 2026, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1. Trinidad Vivar's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One.[1] Within **seven days** of this Order, Respondents shall either afford Trinidad Vivar an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Trinidad Vivar, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

[1] Because the Court finds that Trinidad Vivar is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2. Respondent Warden's Motion to Dismiss (Doc. 6) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 10/20
c:
Counsel of Record